■ KAFFALOS, INC., Respondent, v EXCELSIOR INSURANCE COMPANY OF NEW YORK, Formerly Known as INSURANCE COMPANY OF NEW YORK, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 14, 1983 in Broome County, upon a verdict rendered at Trial Term (Fischer, J.).

At approximately 4:20 A.M. on January 5, 1981, a fire of suspicious origin destroyed a building owned by plaintiff and leased by William and David Dutcher. Personal property belonging to plaintiff was included in the lease. The building and its contents were insured against fire by two separate policies issued by defendant. Pursuant to the terms of the lease, the Dutchers had insured the contents and named plaintiff as the

loss payee with respect to its personal property in the Dutchers' possession. The building had been insured by plaintiff.

After the fire, plaintiff submitted a sworn proof of loss which asserted that the actual cash value of the property at the time of the loss was $275,000. Three months later, plaintiff supplemented its proof of loss with a sworn statement declaring that "[o]ther contracts of insurance cover the personal property of the lessee, Davy L. Dutcher * * * and a list of said personal property is attached hereto and made a part hereof". The appended schedule replicated the list referred to in the lease. Defendant disclaimed on both policies, claiming willful misrepresentation in the proof of loss and arson. A jury trial followed, at the close of which the arson defense was given to the jury and the willful misrepresentation defense was dismissed. The jury returned a verdict in favor of plaintiff in the sum of $225,000 for loss to its building and personal property.

Although defendant contends otherwise, the record discloses that the arson defense was indeed submitted to the jury and that the jury rejected it. Furthermore, the court's participation in the trial, prompted by the inability of one of the principal witnesses to express himself, was directed at attempting to clarify testimony; the court's questioning was neither persistent nor unnecessary and hence not prejudicial.

Remaining to be considered is the propriety of the decision to dismiss the misrepresentation defense. The facts underlying the question of misrepresentation are uncontested: defendant's agent advised the Dutchers to remove salvageable personal property from the fire site; plaintiff's officer, Nicholas Dimatos, who believed plaintiff's personalty had been totally destroyed, was made aware of this and also of the Dutchers' removal of various items from the site; the Dutchers in fact salvaged some of the items referred to in plaintiff's supplement to its proof of loss.

The policy in question provides that it: "shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof * * * or in case of any fraud or false swearing by the insured relating thereto." As noted in *Domagalski v Springfield Fire & Mar. Ins. Co.* (218 App Div 187), this clause makes it clear that good faith and fair dealing are the norms by which proofs of loss are to be measured. To establish its defense, the insurance company must demonstrate that the representations made by the insured were "relevant, material and intentionally false" (*supra,* at p 189).

Plaintiff submitted its "best estimate" of its damage by filing proofs asserting that the real property was a "total loss" and that this included personal property leased to the Dutchers and insured under a policy issued to the Dutchers. It is uncontradicted that immediately after the fire, defendant's representative advised the Dutchers to remove salvageable personal property. By this conduct, defendant conferred on the Dutchers, whose hostility to plaintiff's principal was unreserved, control of information concerning what property was salvageable; this information was therefore largely unavailable to plaintiff. Given these circumstances, elementary fairness dictated the trial court's conclusion that defendant's conduct precluded a finding of fraud or false swearing. Concealment or misrepresentation by plaintiff could not occur here for defendant not only had knowledge of the operative and material facts, but it controlled them. This rendered plaintiff's representations regarding salvageability immaterial.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.