■ ROBERT KRUPP et al., Appellants, v AETNA LIFE & CASU-

ALTY Co., Also Known as AETNA CASUALTY & SURETY CO., Respondent.—In an action to recover the proceeds allegedly due under a homeowners' insurance policy in which the defendant insurer has interposed a counterclaim based on its subrogation to the rights of a first mortgagee, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered August 27, 1987, as, upon a jury verdict and upon the denial of a posttrial motion to set aside the verdict, is in favor of the defendant and against them, in effect, dismissing the complaint.

Ordered that the appeal of Robert Krupp is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from by the plaintiff Mary Krupp, on the facts, the complaint insofar as it is asserted on her behalf is reinstated and severed from the defendant's second counterclaim for the principal sum of $42,566.49 paid to the first mortgagee on the property, and a new trial is granted to the plaintiff Mary Krupp on the complaint only; and it is further,

Ordered that costs are awarded to abide the event of the new trial.

On or about December 29, 1980, a house located at 107 Lakeside Drive, Oakdale, New York, and its contents were damaged as the result of a fire. In the present action, Mary Krupp, a co-owner of this house with Robert Krupp as a tenant by the entirety, seeks to recover, inter alia, $108,885, pursuant to the terms of a "New York Homeowners Policy—Broad Form" which had been issued by the defendant insurance company and which was in effect on the date of the loss.

On April 22, 1983, the Supreme Court granted Mrs. Krupp's cross motion for partial summary judgment on the issue of liability. The Supreme Court found that the papers submitted in support of and in opposition to this cross motion (including a proof of loss sworn to by Mrs. Krupp, and a transcript of her examination under oath) established conclusively that she was not involved in the arson which was the apparent cause of the fire. This court reversed that order, however, concluding that Mrs. Krupp's alleged complicity in the arson was a matter "peculiarly within [her] knowledge", and that summary judgment was unwarranted (see, Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 263).

The matter has now gone to trial and the jury has returned a verdict finding that Mary Krupp was not involved in the

arson. This determination is supported by the overwhelming weight of the evidence, which establishes that Mrs. Krupp and her husband had been away on a trip to Chicago since December 23, 1980, that they did not return to Oakdale until after the fire, and that Mrs. Krupp knew nothing about the cause of the fire until she observed a sign which had been posted outside the house and which read "under an arson investigation". Mrs. Krupp testified that it was because of her observation of that sign that she indicated, in her sworn proof of loss, that the cause of the fire was arson. The jury's response to the first interrogatory submitted to it, that Mrs. Krupp was neither directly nor indirectly involved in the occurrence of the fire, is therefore supported by the weight of the evidence.

Nevertheless, a judgment has now been entered against Mary Krupp, in effect, dismissing the complaint insofar as it is asserted in her behalf based on the jury's response to the second interrogatory, that the defendant had proved "by clear and convincing evidence that the Plaintiff, Mary Krupp willfully refused, concealed, misrepresented or swore falsely in answer to questions which were material and relevant to Defendant's investigation". Contrary to the opinion expressed by our dissenting colleagues, we find that the jury's verdict is, as to this issue, clearly against the weight of the evidence.

The defendant argues that this aspect of the verdict is supported by proof that, at the time that she executed her proof of loss, Mary Krupp knew that her husband had been arrested and charged with arson, and that she concealed this fact from the defendant. While the evidence may well support the conclusion that Mrs. Krupp knew that her husband was *suspected* of arson, since she testified that she had discussed with him the reason for his arrest, the weight of the evidence does not support the inference, apparently drawn by the jury, that she must also have known that the authorities' suspicion of Mr. Krupp was well founded. Any conclusion that Mary Krupp willfully concealed knowledge of her husband's complicity in the arson, as opposed to knowledge of his arrest, is not established by clear and convincing evidence. Furthermore, any conclusion that Mary Krupp's failure to disclose her husband's arrest was, by itself, "material", as that term was defined without objection, in the court's charge, is likewise against the weight of the evidence. For these reasons, a new trial is necessary *(see, Nicastro v Park,* 113 AD2d 129).

No issue is raised on appeal concerning the validity of so much of the judgment appealed from as is against Mary Krupp on the defendant's second counterclaim *(see also,*

*Krupp v Aetna Life & Cas. Co.,* 104 AD2d 857). The counterclaim is therefore severed from the complaint and the judgment on the counterclaim is otherwise unaffected.

Finally, since the record establishes that Robert Krupp was in default in appearing before the trial court, his appeal is dismissed *(see,* CPLR 5511). Bracken, J. P., Rubin, and Kooper, JJ., concur.

Harwood, J., concurs in part and votes to dismiss the appeal by Robert Krupp but otherwise dissents and votes to affirm the judgment insofar as it is appealed from by Mary Krupp, with the following memorandum, in which Sullivan, J., concurs. We previously ruled that Mary Krupp was not entitled to summary judgment on the issue of the defendant's liability for her share of the fire loss *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252). Noting, *inter alia,* that upon her examination under oath, Mrs. Krupp summarily denied knowledge as to who set the fire, we concluded that there was at least one issue of fact peculiarly within Mrs. Krupp's knowledge and dependent for resolution upon a weighing of her credibility, i.e., whether fraudulent acts of complicity on her part contributed to the fire.

After trial, the jury concluded that the defendant failed to establish by clear and convincing evidence that Mrs. Krupp was culpable in the setting of the fire. However, the jury also considered, in accordance with the questions submitted to it, whether Mrs. Krupp willfully concealed material facts or testified falsely at an examination under oath conducted pursuant to the terms of the policy. The jury answered the second question submitted to it in the affirmative, barring Mrs. Krupp's recovery *(see, Oppenheimer v Washington Assur. Corp.,* 244 App Div 234; *Kantor Silk Mills v Century Ins. Co.,* 223 App Div 387, *affd* 253 NY 584; *cf., Kaffalos, Inc. v Excelsior Ins. Co.,* 105 AD2d 957).

This appeal is premised solely on the contentions that the verdict is not supported by sufficient evidence and that, in any event, it is against the weight of the evidence. Since it cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499), e.g., that Mrs. Krupp knew who started the fire, we reject her contention. The question of whether Mrs. Krupp knew who set the fire is dependent upon an assessment of her credibility, and we discern no basis for disturbing the

jury's determination that Mrs. Krupp gave a false statement under oath during the defendant's investigation of her claim (see, *Nicastro v Park,* 113 AD2d 129; *cf., Krupp v Aetna Life & Cas. Co., supra*).