■ Wojciech Mikos, an Infant, by His Father and Natural Guardian, Ryszard Mikos, et al., Appellants, v Morton S. Ackerman, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), entered November 4, 1988, which (1) denied their motion to set aside a jury verdict on the issue of fault, attributing 80% of the fault in the happening of the accident to them, and (2) granted the defendant's cross motion for partial summary judgment dismissing the infant plaintiffs' cause of action for medical expenses.

Ordered that the order is affirmed, with costs.

The plaintiffs failed to object to the bifurcation of the liability and damages parts of the trial, so they have waived that issue *(see,* CPLR 5501 [a] [3]; *Sanchez v Kato, Inc.,* 115 AD2d 646). In any event, the plaintiffs have failed to show a need to introduce evidence of the infant plaintiff's injuries in order to establish liability *(see, Gee v New York City Tr. Auth.,* 135 AD2d 778; *DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236, 246). Likewise, no issue was preserved with respect to the trial court's questioning of an eight-year-old witness, and, even if the issue had been preserved, it is apparent that the court's action was intended to elicit and clarify testimony and that it did not prejudice the plaintiffs *(see, LaMotta v City of New York,* 130 AD2d 627; *Kaffalos, Inc. v Excelsior Ins. Co.,* 105 AD2d 957, 958). The jury was properly instructed about the applicable law *(Timmons v Hecker,* 110 AD2d 762, 763), and its verdict was based on a fair interpretation of the evidence *(see, Singh v New York City Tr. Auth.,* 143 AD2d 1001; *Frank v Fisher,* 142 AD2d 665).

So much of the order as granted the defendant partial summary judgment dismissing the plaintiffs' cause of action for medical expenses is also affirmed. The defendant contends that these expenses are covered by no-fault benefits. In their opposition to the defendant's cross motion, the plaintiffs stated that, in order to avoid inconsistent verdicts, the Supreme Court should direct that a declaratory judgment action be

instituted against Aetna Casualty and Surety Company for a judgment declaring that it is obligated to pay these expenses as no-fault benefits. Since that is effectively the relief that the Supreme Court granted, the plaintiffs' argument must be rejected. We note that the order provides that the plaintiffs may move to modify the order appealed from if their action for a declaratory judgment is unsuccessful. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.