■ FINGERLAKES CHIROPRACTIC, P. C., Doing Business as ONONDAGA FAMILY CHIROPRACTIC, Appellant, v MICHAEL J. MAGGIO, Respondent, et al., Defendant. [703 NYS2d 632] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals from an order after a nonjury trial that

dismissed the complaint and granted judgment to Michael J. Maggio, D.C. (defendant) for $6,250 plus interest and costs on his counterclaim as well as $2,000 in attorney's fees pursuant to Labor Law § 198 (1-a). Plaintiff contends that Supreme Court erred in refusing to enforce the noncompetition clause in the parties' contract, including the provision for liquidated damages of $100,000. We agree with plaintiff that the agreement not to compete is reasonable in scope and duration (*see, BDO Seidman v Hirshberg,* 93 NY2d 382, 388-389) and that the court's finding that defendant did not breach the agreement is against the weight of the evidence because defendant admitted that he had provided some chiropractic services within a 15-mile radius of plaintiff's office. We agree with the court, however, that the liquidated damages provision is in the nature of a penalty because it provides for damages "manifestly disproportionate to the actual damage" (*X.L.O. Concrete Corp. v Brady & Co.,* 104 AD2d 181, 183, *affd* 66 NY2d 970). Plaintiff failed to establish any actual damages for the services defendant provided by substituting for another chiropractor for a few days while that chiropractor was on vacation, or for services provided to family members and friends without payment.

The court properly denied plaintiff's motion to amend the complaint on the second day of trial. Although leave to amend should be freely granted, it will not be granted if the proposed amendment is without merit or would cause prejudice to the opposing party (*see,* CPLR 3025 [c]; *Fahey v County of Ontario,* 44 NY2d 934, 935; *Ricci v New Era Cap Co.,* 224 AD2d 963). Plaintiff pleaded the case under the theory that defendant was terminated, and then sought to amend the pleading to add a cause of action based on the theory that defendant voluntarily left employment. If plaintiff were permitted to allege that new theory during trial, defendant would have been substantially hindered in the presentation or preparation of his case (*see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23-24, *rearg denied* 55 NY2d 801). The determination whether to grant a motion to amend is committed to the sound discretion of the court (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959), and there is no basis to disturb the court's determination.

The court properly precluded evidence of business losses sustained by plaintiff because they either were irrelevant to the causes of action contained in the complaint or were not proven to be related to defendant's conduct. We further conclude that plaintiff was not deprived of a fair trial by the

court's conduct. Plaintiff's challenge to the court's questioning of witnesses is unpreserved for our review (*see, Mikos v Ackerman*, 159 AD2d 563, *lv dismissed* 76 NY2d 888). There was no demonstration of bias when the court ruled on the motion and cross motion for summary judgment, and there was no outward hostility shown to plaintiff's attorney such that plaintiff was deprived of a fair trial.

The court properly awarded defendant $1,250 on that part of his counterclaim seeking back wages and properly awarded attorney's fees and costs for that claim (*see,* Labor Law § 198 [1], [1-a]). The court erred, however, in awarding defendant $5,000 under a notice provision in the contract. The contract provided that defendant "shall be terminable upon thirty (30) days written notice by Employer for gross negligence". The court concluded that defendant was not terminated for gross negligence but awarded 30 days' pay because "under any reasonable construction or interpretation of the contract [defendant should] certainly be entitled to thirty days pay when he is terminated for no cause or for something less than gross negligence." The language of the contract is unambiguous, and the words and phrases of the contract should be given their plain and ordinary meaning (*see, Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534; *see also, Olson v Kehoe Component Sales*, 242 AD2d 902, 903). Thirty days' notice was required only for a termination based on gross negligence. There was no basis for the court to award defendant $5,000 when he was terminated for another reason. Further, the court improperly awarded attorney's fees for that part of defendant's counterclaim. The award of 30 days' pay was a contractual remedy; thus, the provisions of Labor Law § 198 are inapplicable (*see, Sorrentino v Bohbot Entertainment & Media*, 265 AD2d 245).

We modify the order by providing that defendant is awarded judgment in the amount of $1,250 and by vacating the amount of attorney's fees awarded. Because defendant was successful on his claim for $1,250 in back wages, he is entitled to attorney's fees pursuant to Labor Law § 198 (1-a) with respect to that award only. Therefore, we remit the matter to Supreme Court to determine the amount of attorney's fees to be awarded for back wages, taking further proof if necessary. (Appeal from Order of Supreme Court, Cayuga County, Corning, J.— Contract.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.