■ MARK M. PETERS, Respondent, v PORT AUTHORITY TRANS-HUDSON CORPORATION, Appellant. [651 NYS2d 500] —Order, Supreme Court, New York County (William Davis, J.), entered September 23, 1995, which, after a jury trial, granted plaintiff's motion to set aside the verdict with respect to the incident of March 17, 1987 and for a new trial with respect to that incident, reversed, on the law, without costs or disbursements, the motion denied and the Clerk directed to enter judgment in defendant's favor.

In this action, plaintiff seeks damages for personal injuries allegedly sustained as a result of defendant's negligence in connection with three incidents which occurred on March 13, 1986, February 10, 1987 and March 17, 1987, when plaintiff was performing his duties as a conductor for defendant. The court charged the jury on the law and gave the jury a series of questions to answer with respect to each incident.

As to each of the first two incidents, the verdict sheet correctly directed the jury, if it answered "no" as to whether defendant was negligent, to proceed to the next incident. These directions implied that the jury was not to address itself to questions regarding plaintiff's comparative negligence and damages. With respect to the third incident, that of March 17, 1987, the verdict sheet erroneously directed the jury, if it answered "no" as to whether defendant was negligent, to proceed to Question 5, which instructed it to state the amounts awarded for future pain and suffering and future medical ex-

penses. If the jury answered "yes" as to defendant's negligence with respect to the third incident, it was directed to address, in sequence, questions as to whether defendant's negligence caused plaintiff's injury, whether plaintiff was negligent and whether such negligence caused his injury, the parties' respective percentage of fault and, finally, the amounts awarded for past loss of earnings and past pain and suffering.

With respect to each of the three incidents, the jury answered "no" as to whether defendant was negligent. As to the March 17, 1987 incident, however, the jury went on, as directed, to state amounts awarded for pain and suffering ($170,000) and medical expenses ($60,000), for a total of $230,000. Upon inquiry from the court, the foreperson stated that they had found the defendant not liable with respect to each of the three incidents, but, "in following the directions," thought they still had to "come up with an award." The court apologized for the confusion, noting that there had been a "misdirection" on the verdict sheet that neither the attorneys nor the court had noticed. The court then accepted the jury's verdict that there was no negligence on the part of defendant with respect to any of the three incidents and vacated the damage award. No objection was taken to the inconsistency or to the discharge of the jury.

Thereafter, the plaintiff moved, pursuant to CPLR 4404 (a) in the interests of justice or, in the alternative, under CPLR 4111 (c), to set aside the verdict and for a new trial with respect to the March 17, 1987 incident as a result of the inconsistency between the general verdict and the written interrogatories. Finding that "[t]he jury's decision of no negligence, followed by the decision to award future damages is internally inconsistent when reviewed in the context of the court's charge [that no damages can be awarded if no negligence is found]," the court granted the motion to the extent of ordering a new trial with respect to the third incident. We reverse.

When a jury's responses to submitted questions are inconsistent with one another, the remedy is to order the jury to reconsider its responses. (*Sluzar v Nationwide Mut. Ins. Co.,* 223 AD2d 785, 786, citing *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 40; *see also,* CPLR 4111 [c].) There is in this case, however, no logical inconsistency between the jury's finding of no negligence with respect to the third incident and its damage award relating to that incident. The fixing by the jury of an amount for plaintiff's future damages is not, in itself, inconsistent with the determination of no liability and should not be taken as an allocation of responsibility to defendant.

(*See, Marine Midland Bank v Russo Produce Co., supra,* 50 NY2d, at 41.) To the extent that the jury's answers on the verdict sheet may be considered inconsistent, the foreperson's explanation sufficiently clarified any resultant confusion. Plaintiff asserts that the foreperson's comments indicate that "the jury felt [defendant] was liable to plaintiff for his injuries but read the verdict sheet to require a no answer in order to achieve that result." There is, however, no basis for such an interpretation of the foreperson's comments. First of all, the questions on the verdict sheet were to be answered sequentially; the jury was directed to proceed to Question 5 (future damages) relating to the March 17 incident only if it answered "no" as to defendant's negligence in connection with that incident. The jury is, of course, presumed to have followed the court's instructions. (*Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787, 790.) Moreover, the jury did not have to say "no" as to negligence in order to award plaintiff damages in connection with the March 17 incident. The verdict sheet directed the jury, if it answered "yes" to negligence, to questions dealing with causation, comparative negligence, degree of fault and past damages.* Concur—Sullivan, J. P., Ross, Tom and Mazzarelli, JJ.,

Ellerin, J., dissents in a memorandum as follows: I would affirm for the reasons stated by the Trial Judge, who was in the best position to evaluate the impact upon the jury of the misdirection on the verdict sheet.

---

* Question 4 called for amounts awarded for past damages (loss of earnings and pain and suffering).