■ CHRISTINE MAYER, Respondent, v MYRON D. GOLDBERG et al., Appellants. [659 NYS2d 877] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered September 17, 1996, which denied defendants' motion to enter judgment in their favor and ordered a new trial on all issues, unanimously reversed, on the law, without costs, the motion granted, and judgment entered for defendants.

In this medical malpractice action, plaintiff claimed that the defendant doctors caused her injury in that their failure to properly diagnose and treat a heart condition required her to undergo surgery for a mitral valve replacement. There was conflicting expert testimony as to whether, by the dates of the alleged negligence, plaintiff's condition was such that the surgery was necessary regardless of defendants' conduct. During the period in question, Dr. Goldberg was plaintiff's treating internist, while Dr. Krumholz, covering for Dr. Goldberg one weekend, spoke to plaintiff on the telephone and prescribed antibiotics for her.

The interrogatories submitted to the jury cited six different dates on which plaintiff had visited or spoken with one of the defendants. According to plaintiff, even up to the last visit to Dr. Goldberg on April 20th and the last telephone conversation with him several days later, the proper diagnosis and treatment would have avoided the need for valve replacement surgery. Plaintiff was ultimately hospitalized by another physician on April 27th and the surgery was performed on May 1, 1992.

As to each date, the jury was asked to determine first if the

specified defendant had departed from accepted standards of medical practice in treating plaintiff; if the answer to part "A" was in the affirmative, the jury was then to respond to part "B" of the question and determine whether the departure was "a substantial factor in causing injury to the plaintiff." With respect to five dates, including the date of Dr. Krumholz's contact with plaintiff, the jury found no negligence. With respect to April 20, 1992, when plaintiff saw Dr. Goldberg in his office, the jury found that he had departed from accepted practice but, as to the second part of the question, that the departure was not a substantial factor in causing her injury.

The jury further found that although plaintiff had failed to take reasonable steps to safeguard her physical condition, this, too, was not a substantial factor in causing her injury. Notwithstanding the absence of proximate cause, the jury proceeded to apportion 50% of liability to plaintiff and 50% to Dr. Goldberg, rendering an award of $250,000 for pain and suffering. It awarded nothing for past lost earnings and medical expenses, and no future damages of any kind whatsoever.

After the jury delivered this verdict, the court directed it to return to the jury room for further consideration because the award was inconsistent with the finding that Dr. Goldberg's negligence on April 20th had not contributed to plaintiff's injury. Shortly thereafter, the jury sent a note to the court stating that the award was "based upon Question 5 (A) for pain and suffering due to [Goldberg's] departure from accepted medical practice on April 20th. 5 (B) we feel based on testimony that [plaintiff's] injury would have happened regardless at that point, April 20th."

Following a brief discussion on the record with counsel, the court pointed out that "there is only one bit of confusion that is that they seemed to think that even if something is not the proximate cause they can still award money and we know that is not the law." After further discussion, the court observed to counsel that "they are not confused because the latest note * * * clarifies what they wrote the first time that they do find negligence in [question] 5-A, but they don't find that it's a proximate cause of anything." However, the court observed, the jury "apparently does not understand" that, having found no proximate cause, "it doesn't logically lead to any damages."

The jury reentered the courtroom, whereupon the court explained to them that "in pointing out the inconsistency" earlier, it had tried to "stress that you need to find negligence and proximate cause or there is no liability." Having found negligence on April 20th that did not cause injury to plaintiff,

"you can not [*sic*] from that conclusion get to the award of damages because it's logically inconsistent if it didn't cause it. It didn't. It does not result in the payment of money." Without objection from either counsel, the jury foreperson explained that

"[w]e fell [*sic*] that the departure on the 20th caused her pain and suffering that she might not have had to go through if he had admitted her to the hospital on that date.

"And that the question asks that we thought that it was the departure from accepted medical practice not if we thought that his departure caused the injury.

"That's two different questions.

"So the first question we said yes to. So we are saying that departure caused her pain and suffering. We are not saying it caused her injury at all."

Following this statement, and without further inquiry, the court excused the jury. Based upon the jury's repeated, explicit finding of the absence of proximate cause, defense counsel moved for entry of a verdict in favor of defendants. Upon written motion for the same relief, the court concluded that a new trial on all issues was warranted because the verdict was inconsistent and the foreperson's remarks unclear as to the basis for the pain and suffering award. We now reverse and grant the motion.

The issue before the jury was whether defendants' alleged negligent treatment on specified dates caused plaintiff to need mitral valve replacement surgery. The court's charge repeatedly made clear that the "injury" alleged was the need for the valve replacement, i.e., but for the alleged negligence, the condition would have been diagnosed and treated at an earlier stage, avoiding the need for such surgery. In explaining the apportionment of liability, the court spoke in terms of whether one party was "more negligent than another in *causing the plaintiff's mitral valve replacement*" (emphasis added). The jury explicitly found that, although Dr. Goldberg had departed from accepted practice on April 20th, that departure did not cause plaintiff's injury "at all." It never wavered from this finding. Nonetheless, it awarded damages on a theory of their own, i.e., for pain and suffering plaintiff "might" have experienced due to the failure to hospitalize her on April 20th. While this failure was alleged by plaintiff, her theory was that if she had been hospitalized even at this late date, she would not have needed a valve replacement but that either antibiotics or less invasive surgery would have been adequate treatment.

As the court observed at the time, this award was not in

keeping with the answers to the interrogatories, but it does not, as the court later determined, require a new trial. Rather, where a jury's answers to interrogatories are consistent with one another, but inconsistent with the general verdict, the trial court has discretion to require the jury to reconsider the verdict, order a new trial, or enter judgment pursuant to the jury's answers (CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40). While the jury may have wanted to award damages on a theory of its own, it clearly understood the fundamental question before it: did defendants' conduct depart from accepted medical practice and did such departure cause the need for plaintiff's surgery? There was no inconsistency whatsoever on this issue, and the answers to the interrogatories in this regard, along with the jury's note and the statement by the foreperson on the jury's behalf, made its findings in this respect perfectly clear. As in *Marine Midland*, the jury "unequivocally found no liability on the part of any defendant" (*supra*, at 41). Having found that no party proximately caused the injury, the jury should have proceeded no further. Instead, the jury ventured beyond the issue before it, awarding damages under its own theory.

In *Vera v Bielomatik Corp.* (199 AD2d 132), which plaintiff urges is identical to the instant case, the jury apportioned liability among all parties after finding that injury was proximately caused by the third-party defendant's negligence only, and that the negligence of the primary defendants and plaintiff did not contribute to the injury. This result was not only legally inconsistent, but, in directing a new trial, we also found that the record was unclear as to whether the jury had intended to completely exonerate the primary defendants. By contrast, the jury's findings here as to negligence and proximate cause are not inconsistent, and the record is clear that the jury unequivocally found that Dr. Goldberg's conduct on April 20th did not cause plaintiff's injury.

Finally, a new trial is not required on the ground that the trial court failed to give the jury further instructions on proximate cause when it directed them to reconsider their verdict. Unlike *Cortes v Edoo* (228 AD2d 463), cited by plaintiff, the jury here did not report it was deadlocked and did not request clarification or reinstruction. Also, the court here discussed the contents of the jury's note with counsel and then explained on the record why it was asking the jury to reconsider. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.