■ SUSAN MEADE, Appellant, v STUART HISLER, Respondent, et al., Defendants. (And a Third-Party Action.) [760 NYS2d 891] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dunlop, J.), entered February 11, 2002, which, upon a jury verdict, is in favor of the defendant Stuart Hisler and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff's contention that the Supreme Court should have reinstructed the jury on the issue of proximate cause after it returned an initial inconsistent verdict is not preserved for appellate review (*see* CPLR 4110-b; *Smith v J.C. Penney Co.,* 300 AD2d 466 [2002]; *Doyle v Nusser,* 288 AD2d 176 [2001]; *Alfano v Arthur Finnegan Post 1443, Inc., Am. Legion,* 250 AD2d 557 [1998]). In any event, the Supreme Court resubmitted the special verdict sheet to the jury with limited instructions only to resolve any confusion (*see Roberts v County of Westchester,* 278 AD2d 216, 217 [2000]; *Clarke v Order of Sisters of St. Dominic,* 273 AD2d 431 [2000]; *McElroy v Yousuf,* 268 AD2d 733, 735 [2000]; *Mayer v Goldberg,* 241 AD2d 309,

312 [1997]; *Peters v Port Auth. Trans-Hudson Corp.*, 234 AD2d 205 [1996]; *Cortes v Edoo,* 228 AD2d 463, 465-466 [1996]), after which the jury returned a consistent verdict, finding that the defendant's negligence was not a substantial factor in contributing to the decedent's death.

Contrary to the plaintiff's contention, the jury determination that the defendant's failure to refer the decedent to a cardiologist was not a proximate cause of the decedent's death was based upon a fair interpretation of the evidence and, accordingly, will not be set aside as against the weight of the evidence (*see Roseingrave v Massapequa Gen. Hosp.,* 298 AD2d 377 [2002]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). Santucci, J.P., Smith, McGinity and Schmidt, JJ., concur.