MICHAEL SERRA et al., Respondents, v NANCY RIVIECCIO, Appellant. [771 NYS2d 701]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated June 9, 2003, which, upon a jury verdict in her favor, granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and granted a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the verdict is reinstated.

The injured plaintiff was hurt when his vehicle collided in an intersection with an automobile driven by the defendant. The central issue at trial concerned which motorist disobeyed the red traffic signal when entering the intersection. The jury returned a verdict in favor of the defendant, finding that while she was negligent, her negligence was not a substantial factor in causing the accident. The plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence. The Supreme Court granted the motion and granted a new trial. We reverse.

A fair interpretation of the evidence supports the jury verdict. The jury could reasonably have found that the defendant did not enter the intersection against the red light, but instead was negligent in failing to see the injured plaintiff's vehicle before the collision. Moreover, the jury could have found that such negligence was not a proximate cause of the accident given the speed with which it occurred (*see Hernandez v Baron,* 248 AD2d 440 [1998]; *Potter v Korfhage,* 240 AD2d 717 [1997]; *Yaver v Gofus,* 156 AD2d 556, 557 [1989]). Thus, the Supreme Court erred in setting aside the verdict and granting a new trial. S. Miller, J.P., H. Miller, Crane and Rivera, JJ., concur.