Yondola v Trabulsy (2004 NY Slip Op 50789(U))

[*1]

Yondola v Trabulsy

2004 NY Slip Op 50789(U)

Decided on June 30, 2004

Supreme Court, Richmond County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2004

Supreme Court, Richmond County
LISA YONDOLA and RICHARD YONDOLA Plaintiff(s),
against
AUSTIN TRABULSY Defendant(s).
12261/01

PLAINTIFF ATTORNEY:
SIROTA & KURTA, ESQS.
401 BROADWAY
NEW YORK, NEW YORK 10013
212-226-1094
DEFENDANT ATTORNEY:
ROBERT P. TUSA, ESQ.
1200 SOUTH AVENUE - SUITE 303
STATEN ISLAND, NEW YORK 10314
718-494-1200

Eric N. Vitaliano, J.
This is an action for personal injuries arising out of a motor vehicle accident. With liability and damages bifurcated, the liability phase of the action was tried before the Court and a jury in March 2004. The plaintiff now moves pursuant to CPLR 4404 (a) for an order granting a new trial on the grounds that the verdict of the jury entered on March 4, 2004 was contrary to the weight of the evidence. The motion is to be determined on written submission and, in compliance with the briefing schedule set by the Court, is timely.
For the most part, the facts are not in dispute. The accident occurred on the rainy [*2]Saturday of September 23, 2000 in midafternoon at the "T"-intersection of Arthur Kill Road and Cortelyou Avenue on Staten Island. The defendant's vehicle was traveling westbound on Cortelyou. The plaintiff's vehicle was traveling northbound on Arthur Kill Road. At its intersection with Cortelyou Avenue, Arthur Kill Road was a two lane highway divided by a double solid line. The intersection was controlled solely by a stop sign for traffic entering Arthur Kill Road from Cortelyou Avenue. It is not disputed that the defendant stopped at the stop sign. After that, other than the salient fact that both sides agree impact occurred when the front of the defendant's vehicle squarely contacted the passenger side of the plaintiff's vehicle, the manner of the accident's occurrence is controverted.
The plaintiff and her former co-worker, whom she was driving home from work and who testified as a nonparty witness, generally recalled that the impact occurred with the plaintiff's vehicle entirely within the northbound lane of Arthur Kill Road. The defendant testified, with amazing precision, that after stopping at the stop sign, he entered the intersection and brought his vehicle across the northbound lane of Arthur Kill Road positioning his front bumper at a point where the double solid line would have been continued across the intersection and he remained there at rest for over a half minute. Then, with his attention focused on southbound Arthur Kill Road traffic, he waited for an opportunity to complete a left turn when he struck the plaintiff's vehicle. The defendant told the jury that he assumed the plaintiff had crossed over the double solid line but that, since he did not look left after he came to a stop in the intersection, he did not see the plaintiff at all until the point of impact in the intersection.
At the charge conference, it was agreed that the issues on trial would be submitted to the jury upon written interrogatories. Both parties agreed to the submission as well as to the form and content of the special questions submitted. In response to the first question, the jury found that the defendant was negligent. In response to the second question, the jury found that the defendant's negligence was not a substantial factor in causing the accident. As directed by the charge and the instructions set forth on the written submission of the special questions, the jury proceeded no further and reported its verdict to the Court. In the instant motion, the plaintiff argues that there is an inherent inconsistency between the two answers given by the jury and, therefore, that the verdict must be set aside as contrary to the weight of the credible evidence.
No one takes exception to the black letter rule that "a jury verdict should only be set aside as against the weight of the evidence when it could not have been reached on any fair interpretation of the evidence." Bendersky v. M & O Enterprises Corp., 299 App. Div. 2d 434, 435, 751 N.Y.S.2d 269, 270-71 (2d Dep't 2002), citing Nicastro v. Park, 113 App. Div. 2d 129, 495 N.Y.S.2d 184 (2d Dep't 1985). It is equally well settled that where an aggrieved party can show that a jury's "verdict with respect to negligence and proximate cause is irreconcilably inconsistent" that a motion pursuant to CPLR 4404(a) not only lies but that it must be granted. Shaw v. Board of Education, 5 App. Div. 3d 468, 772 N.Y.S.2d 573 (2d Dep't 2004); see Panariello v. Ballinger, 248 App. Div. 2d 452, 670 N.Y.S.2d 41 (2d Dep't 1998). The gravamen of the pending motion, of course, is whether or not the written findings of the jury's verdict here are "irreconcilably inconsistent". The movant plaintiff says they are; the opponent defendant says they are not.
In simplest form, the plaintiff argues that the only evidence of negligence on the part of the defendant presented to the jury was the defendant's conduct upon entering the intersection [*3]after having stopped at the Cortelyou Avenue stop sign, that is, his failure to see the plaintiff's vehicle traveling northbound on Arthur Kill Road and failing to yield the right of way to it. A finding of such negligence by the jury, the plaintiff argues, is wholly inconsistent with the jury's other finding that such negligence was not a proximate cause of the ensuing accident because, in such circumstance, the issues of negligence and proximate cause are so thoroughly and inextricably interwoven that there cannot be a finding of negligence without a finding of proximate cause. Where such an inconsistency does manifest itself in a verdict, the verdict, the plaintiff contends, must be set aside pursuant to CPLR 4404 (a) as contrary to the weight of the evidence.
The plaintiff's position finds solid support in case law involving "right of way" cases. Where the evidence adduced at trial establishes clearly that one party involved in a motor vehicle accident had the "right of way" over the other party, a jury's finding that the party without the right of way was negligent in failing to see and/or yield the right of way to the other party but that such negligence was not a proximate cause of the accident was hopelessly inconsistent and against the weight of the evidence warranting relief under CPLR 4404 (a). See, e.g., Brucaliere v. Garlinghouse, 304 App. Div. 2d 782, 759 N.Y.S.2d 142 ( 2d Dep't 2003) (Even though plaintiff was speeding in the intersection, the jury's verdict that the defendant's negligent failure to yield the right of way was not a proximate cause of the accident must be set aside.); Klein v. Vencak, 298 App. Div. 2d 434, 748 N.Y.S.2d 166 (2d Dep't 2002) (A jury finding that defendant's failure to see and yield to plaintiff's vehicle upon entering a roadway from a parking lot was negligence but not a proximate cause of the accident must be set aside.); Sullivan v. Pampillonio, 288 App. Div. 2d 299, 733 N.Y.S.2d 120 (2d Dep't 2001) (Defendant traveling through parking lot stalls was negligent in failing to see and yield to plaintiff's vehicle traveling on parking lot roadway. Jury's finding of defendant's negligence was hopelessly inconsistent with its finding that such negligence was not a proximate cause of the accident. The trial court erred in refusing to set it aside).
In response, the defendant seeks to parse and compartmentalize his conduct in order to advance discreet pods of conduct which the jury, he contends, might have separately considered and found negligence as to one and not another. The defendant would have the Court focus solely on the defendant entering the intersection and coming to a complete stop for more than 30 seconds at the midline of Arthur Kill Road fully blocking its northbound traffic. The jury could have properly found, the defendant submits, that he was negligent solely for standing idle across and blocking the northbound lane of Arthur Kill Road. Then, it is argued further, such negligence would be sufficiently disconnected from the happening of the accident to validate the jury's finding of negligence with no proximate cause.[FN1]
[*4]
While creative, the defendant's analysis of the evidence adduced at trial and of the jury's answers to the special questions submitted to it are somewhat tortured. In its concluding instructions to the jury, the Court specifically charged §1172 and §1142 of the Vehicle and Traffic law. Since both sides agreed that defendant did actually stop at the Cortelyou Avenue stop sign as required by §1172, it was for the jury to determine whether or not the defendant was negligent for failing to comply with the provisions of §1142 which obligated him to "yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection." The defendant, however eschews the obvious to grasp the esoteric. The jury did not, the defendant contends, find negligence on the law specifically charged by the Court, that is, the defendant's obligation to see and yield the right of way to the oncoming plaintiff, but, rather, opted for a finding that the mere blocking of a roadway by a stationary and idling vehicle is negligence. In this way, the defendant posits two pods of potential negligent conduct — one the stationary period and the other the time spent traversing the intersection. The jury could have found negligence in the stationary pod but not the other.
This argument cannot withstand close scrutiny. Even if the Court were to accept the defendant's parsing of his conduct, the accident did not occur while the defendant's vehicle was stationary. Nor was there any evidence or claim that the defendant was negligent for merely obstructing a lane of traffic with his stationary vehicle. It is the fundamental flaw in the defendant's argument. Moreover, if this was the jury's finding of negligence, it cannot stand for it lacks any credible evidence to support it. The Court, must, therefore, look to some other interpretation of the jury's finding of negligence.
Clearly, another and far more plausible interpretation is available. The accident occurred, as all sides agree, while the defendant's vehicle was moving. The only fair and rational interpretation of the jury's verdict is that it found the defendant negligent in some way while the defendant was in motion rather than at rest. In his testimony, the defendant acknowledged that he moved from his stationary position in the intersection perpendicular to the center line of Arthur Kill Road without checking northbound traffic to his left. The "right of way" cases and §1142 of the Vehicle and Traffic law place a heavy burden on a driver entering the roadway to observe oncoming traffic and to yield to it. That was the essence of the claims for which evidence was adduced and which were argued to the jury. That the defendant failed to do so is the only fair interpretation of the credible evidence which can support the jury's finding that the defendant was negligent.
[*5]
For all of its novelty, the stationary obstruction argument made by the defendant to define his own negligence has no foundation in the record. To be sure, the facts of the obstruction would have relevance and significant bearing, should a jury choose to credit them, on the issue of the plaintiff's comparative negligence, which was not reached by the jury in light of its answers to the special questions submitted. They can in no way justify the jury's finding that the defendant was negligent. Accordingly, the Court must conclude that the jury's finding of negligence in response to the first special question submitted to it was that the defendant was negligent at the time of impact while the defendant's vehicle was in motion. As such, it is irreconcilably inconsistent with its finding that the conduct of the defendant found to be negligent was not a proximate cause of the accident with the plaintiff, see Bucich v. City of New York, 111 App. Div. 2d 646, 490 N.Y.S.2d 208 (2d Dep't 1985), because the issues of negligence and proximate cause in such circumstances are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause." Rubin v. Pecoraro, 141 App. Div. 2d 525, 527, 529 N.Y.S.2d 142, 143 (2d Dep't 1988). The verdict, therefore, cannot stand.
For all of the foregoing reasons, the motion of the plaintiff for an order pursuant to CPLR 4404(a) is granted, the verdict of the jury is set aside and the action is transferred to the jury coordinating part so that a date might be set for jury selection and retrial.
E N T E R,
Dated:Staten Island, New York 
June 30, 2004Eric N. Vitaliano
Justice of the Supreme Court
LAW CLERK TO HON. ERIC N. VITALIANO: FAY deGRIMSTON, ESQ.
 718-876-6440
 FDEGRIMS@courts.state.ny.us
PLAINTIFF ATTORNEY:
SIROTA & KURTA, ESQS.
401 BROADWAY
NEW YORK, NEW YORK 10013
212-226-1094
DEFENDANT ATTORNEY:
ROBERT P. TUSA, ESQ.
1200 SOUTH AVENUE - SUITE 303
STATEN ISLAND, NEW YORK 10314
718-494-1200
Footnotes

Footnote 1:The papers submitted by the defendant in opposition to the plaintiff's motion do not take issue with the cases cited by the plaintiff. The defendant did, however call the Court's attention to Serra v. Rivieccio, 4 App. Div. 3d 521, 771 N.Y.S.2d 701 (2d Dep't 2004). Serra, a traffic signal light case, does not give a good read on the facts here. The Court observed that the jury could have found the defendant's negligence there to be something other than entering the intersection against the red light. Put another way, the jury could have determined that the defendant had the right of way, that the plaintiff ran the red light and failed to yield the right of way to the defendant, that the defendant should have but negligently did not see the plaintiff's offending vehicle and, therefore, the jury's conclusion that the defendant's negligence was not a proximate cause of the accident which occurred while the defendant had the right of way was not against the weight of the credible evidence. Without more, here, as the two vehicles approached the intersection of Cortelyou Avenue and Arthur Kill Road, it is uncontested that the plaintiff's vehicle and not the defendant's had the right of way. Divergent and disconnected theories of negligence supported by credible evidence are not as readily found in such situations, particularly as contrasted to collisions which occur in intersections controlled by signal lights.