■ Ryszard Pilch, Respondent-Appellant, v Board of Education of City of New York et al., Appellants-Respondents. [815 NYS2d 617]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Douglass, J.), entered March 15, 2004, as, upon a jury verdict and upon so much of an order of the same court dated September 15, 2003, as denied their cross motion pursuant to CPLR 4404 to set aside the verdict on the causes of action based on Labor Law § 200 and common-law negligence and for a judgment as a matter of law on those causes of action, is in favor of the plaintiff and against them on the causes of action based on Labor Law § 200 and common-law negligence in the principal sum of $910,000, and the plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as, upon the jury verdict, and upon so much of the same order as denied his motion pursuant to CPLR 4404 to set aside the verdict on the cause of action based on violation of Labor Law § 241 (6) and for judgment as a matter of law on that cause of action, is in favor of the defendants and against him, dismissing that cause of action.

Ordered that the judgment is reversed insofar as appealed from, on the law, the cross motion is granted, the causes of action based on Labor Law § 200 and common-law negligence are dismissed, and the order dated September 15, 2003, is modified accordingly; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff, a painter working on a reconstruction project for a high school, was walking backwards while power washing a wall when he allegedly tripped over a two-by-four board, lost his balance, and fell down a staircase. He commenced this action alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241 (6) against the general contractor, Tratoros Construction Inc., the New York City School Construction Authority, and the Board of Education of the City of New York. The jury returned a verdict findings, among other things,

that the defendants violated Labor Law § 241 (6) but that such violations were not a proximate cause of the plaintiff's injuries. The jury further found that the defendants were negligent and that such negligence was a substantial factor in causing the accident. The Supreme Court denied the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict on the cause of action based on violation of Labor Law § 241 (6) and for judgment as a matter of law on that cause of action, and the defendants' cross motion pursuant to CPLR 4404 to set aside the verdict on the causes of action based on Labor Law § 20 and common-law negligence and for judgment as a matter of law on those causes of action.

With respect to the plaintiff's causes of action alleging a violation of Labor Law § 200 and common-law negligence, the Supreme Court erred in denying the defendants' motion pursuant to CPLR 4404 for judgment as a matter of law. Viewing the evidence in the light most favorable to the plaintiff, "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

To establish liability for a violation of Labor Law § 200 and for common-law negligence, the plaintiff must demonstrate that the defendants exercised supervision and control over the work performed, or had actual or constructive notice of the allegedly unsafe condition (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *Dennis v City of New York*, 304 AD2d 611, 612 [2003]). There is no evidence that the defendants either directed or controlled the manner in which the plaintiff conducted his work, or that they had actual or constructive notice of the allegedly unsafe condition. Accordingly, the plaintiff failed to establish the requisite elements to sustain his Labor Law § 200 and common-law negligence causes of action (*see Loreto v 376 St. Johns Condominium, Inc.*, 15 AD3d 454 [2005]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 683 [2005]; *Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224 [2004]).

Contrary to the plaintiff's contentions, the jury verdict regarding his Labor Law § 241 (6) claim was supported by legally sufficient evidence. The record demonstrates that although the jury could rationally conclude that the defendants violated 12 NYCRR 23-1.7 (e) (1) by failing to keep the subject passageway free of debris, they were not required, on this record, to find that the plaintiff actually tripped over the debris.

In light of our determination, the parties' remaining contentions need not be addressed. Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.