■ FLOYD RESNICK, Respondent-Appellant, v LEONARD LINKOW, D.D.S., Appellant-Respondent. (And a Third-Party Action.) [813 NYS2d 396]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered February 16, 2005, inter alia, awarding plaintiff $300,000 for past pain and suffering and $700,000 for future pain and suffering, and bringing up for review an order,

same court and Justice, entered August 9, 2004, which, after a jury trial, granted defendant's motion to set aside the jury verdict as to liability only to the extent of dismissing plaintiff's cause of action based on lack of informed consent, and granted a new trial as to damages for past and future pain and suffering, unless plaintiff stipulated to reduce the awards for past pain and suffering from $500,000 to $300,000 and for future pain and suffering from $1,500,000 to $700,000, unanimously modified, on the facts, to vacate the pain and suffering awards, and remand the matter for a new trial solely upon the issues of damages for past and future pain and suffering, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to further reduce the award for past pain and suffering to $150,000 and to further reduce the award for future pain and suffering to $250,000 and to entry of an amended judgment in accordance therewith.

Given the proof showing that plaintiff's pain and suffering from his parasthesia injury consisted of facial numbness, a drooling sensation and itchiness, the awards for past and future pain and suffering, even as reduced pursuant to stipulation, deviated materially from what is reasonable compensation under the circumstances to the extent indicated (CPLR 5501 [c]; *see Donlon v City of New York,* 284 AD2d 13 [2001]).

The trial court's dismissal of the cause of action alleging lack of informed consent was correct inasmuch as there was no valid line of reasoning and permissible inferences which could have led rational persons to the conclusion reached by the jury, that defendant failed to obtain plaintiff's informed consent (*see Lynn G. v Hugo,* 96 NY2d 306 [2001]).

Plaintiff's proposed interrogatories were either put to the jury in different form, or were properly excluded by the trial court in light of plaintiff's failure to adduce expert testimony supportive of his remaining dental malpractice theories, demonstrating a departure from an accepted standard of dental practice that proximately caused plaintiff's injury (*see DeCicco v Roberts,* 202 AD2d 165 [1994]).

The jury was properly directed to reconsider its verdict, where its responses respecting lost earnings were inconsistent (*see e.g. Peters v Port Auth. Trans-Hudson Corp.,* 234 AD2d 205 [1996]). Concur—Tom, J.P., Marlow, Gonzalez, Catterson and Malone, JJ.