■ DAVID P. FILES, Appellant, v KEN GOEWEY DODGE, INC., Doing Business as TEAM GOEWEY DODGE, Respondent. [822 NYS2d 663]—

Rose, J. Appeal from an order of the Supreme Court (Canniz-zaro, J.), entered July 25, 2005 in Albany County, which, inter alia, granted defendant's motion to set aside the verdict.

In this personal injury action arising out of a motor vehicle accident, plaintiff alleged that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) because the accident so aggravated a preexisting degenerative condition of his cervical spine that he ultimately required spinal fusion surgery. At trial, the parties presented conflicting expert medical evidence as to whether the spinal surgery was causally related to the accident. In its jury charge and interrogatories, Supreme Court asked the jury to determine first whether defendant had been negligent, second whether plaintiff sustained a significant limitation of use of his cervical spine, third whether his spinal fusion surgery was causally related to the accident and finally the amount of damages to be awarded.

The jury initially returned an inconsistent verdict finding that defendant had not been negligent, yet finding serious injury and awarding damages. After further instruction, the jury returned a second verdict finding that defendant had been negligent, plaintiff sustained a significant limitation of use, but his spinal fusion surgery was not causally related to the accident. Although the jury again awarded damages, neither party challenged the verdict as inconsistent before the jury was discharged. Defendant later moved pursuant to CPLR 4404 to set the verdict aside. Plaintiff cross-moved for the same relief and to obtain a new trial. Supreme Court denied plaintiff's cross motion, granted defendant's motion and dismissed the action.

Plaintiff appeals, arguing that the need for spinal surgery was the only evidence that he had sustained a serious injury, and the surgery's essential role meant that the jury's finding of no causal relationship was inconsistent with its finding of a significant limitation of use. We disagree. The jury's findings clearly addressed two discrete issues and were neither inconsistent nor against the weight of the evidence.

In its instructions regarding the second interrogatory, Supreme Court emphasized that the jury had to assess the

seriousness of the condition of plaintiff's cervical spine and did not mention that it had to be causally related to the accident. As a result, the jury's affirmative answer to this interrogatory confirmed only that it found the condition of plaintiff's spine to constitute a significant limitation of use (*see* Insurance Law § 5102 [d]), without regard to the cause of that condition. In other words, if the spinal surgery were causally related to the accident, the testimony of plaintiff's medical expert as to his limited range of motion and the necessity of the surgery would be sufficient to establish a qualifying serious injury (*see e.g. Horton v Warden*, 32 AD3d 570, 574 [2006]).

The third interrogatory addressed whether that injury was caused by defendant's negligence (*see Wallace v Terrell*, 295 AD2d 840, 841 [2002]; *Maisonet v Kelly*, 228 AD2d 780, 782 [1996]). In finding that the jury's answer to the third interrogatory was not against the weight of the evidence, we agree with Supreme Court that the record contains conflicting expert testimony as to the cause of the surgery, allowing the jury to resolve this issue against plaintiff (*see Siegel v Wank*, 270 AD2d 573, 576 [2000]; *Jaquay v Avery*, 244 AD2d 730, 731 [1997]). Thus, the jury's finding of no causal relationship was neither inconsistent nor against the weight of the evidence, and Supreme Court properly denied plaintiff's cross motion.

Nor did Supreme Court err in granting defendant's motion to set the second verdict aside, for once the jury found no causal relationship, it should not have proceeded to consider the issue of damages. Although there is nothing in the record indicating that the jury was instructed to stop and return its verdict if it answered "No" to any of the first three interrogatories, it is clear that each had to be answered "Yes" in order for plaintiff to be entitled to recover damages. Because the jury's answers to the first three interrogatories were consistent with one another, but inconsistent with a damages award, Supreme Court could ignore the award as having no legal effect and simply enter judgment pursuant to the jury's answers rather than order a new trial (*see* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40 [1980]; *Mayer v Goldberg*, 241 AD2d 309, 312 [1997]; *Peters v Port Auth. Trans-Hudson Corp.*, 234 AD2d 205, 206 [1996], *lv denied* 90 NY2d 802 [1997]; *see also Leal v Simon*, 147 AD2d 198, 206 [1989]).

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.