■ DENIS J. BUTLER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [889 NYS2d 210]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 4, 2008, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in their favor, and for a new trial.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment.

"A jury's finding that a party was at fault but that [such] fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi*, 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]). "A contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge, and where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Rivera v MTA Long Is. Bus*, 45 AD3d 557, 558 [2007]; *see Rubin v Pecoraro*, 141 AD2d at 527).

Here, a finding of proximate cause did not inevitably flow from the finding of culpable conduct, and a fair interpretation of the evidence supports the jury verdict in favor of the defendants. Applying the Supreme Court's charge regarding the broad duties and general obligations of a driver, the jury could reasonably have found that the defendant Emmanuel Ampofo (hereinafter the defendant driver) was negligent in failing to see the plaintiff's vehicle prior to the collision, but that "the defendant [driver's] negligence was not a proximate cause of the accident given the speed with which the accident occurred" (*Abre v Sherman*, 36 AD3d 725, 726 [2007]; *see Rivera v MTA Long Is. Bus*, 45 AD3d at 558; *Serra v Rivieccio*, 4 AD3d 521, 522 [2004]; *Rubin v Pecoraro*, 141 AD2d at 527).

Furthermore, "[t]he plaintiff's contention that the Supreme Court should have reinstructed the jury on the issue of proximate cause after it returned an initial inconsistent verdict is not preserved for appellate review" (*Meade v Hisler*, 306 AD2d 387, 387 [2003]; *see Rokitka v Barrett*, 303 AD2d 983, 984 [2003]). In any event, under the circumstances present here, "a new trial is not required on the ground that the trial court failed to give the [jurors] further instructions on proximate cause when it directed them to reconsider their verdict" (*Mayer v Goldberg*, 241 AD2d 309, 312 [1997]; *see Meade v Hisler*, 306

AD2d at 387; *Rokitka v Barrett*, 303 AD2d at 984; *cf. Roberts v County of Westchester*, 278 AD2d 216, 217 [2000]; *Cortes v Edoo*, 228 AD2d 463, 465 [1996]).

Accordingly the Supreme Court erred in granting the plaintiff's motion to set aside the verdict, and for a new trial. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.