■ Sherald Ward, Respondent, v Deborah Tatum Watson, Respondent, and Robert Cappetta, Appellant. [900 NYS2d 313]—

In an action to recover damages for personal injuries, the defendant Robert Cappetta appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated January 30, 2009, as, in effect, upon reargument, adhered to an original determination dated September 17, 2008, granting the separate motions of the plaintiff and the defendant Deborah Tatum Watson pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability in favor of him as contrary to the weight of the evidence, and for a new trial.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, upon reargument, the original determination dated September 17, 2008, is vacated, the separate motions of the plaintiff and the defendant Deborah Tatum Watson pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability in favor of the appellant as contrary to the weight of the evidence, and for a new trial, are denied, and the jury verdict is reinstated.

The plaintiff was a front-seat passenger in a motor vehicle being operated by the appellant in the left lane of the eastbound roadway of Merrick Road in Valley Stream, when it collided with a motor vehicle operated by the defendant Deborah Tatum Watson. According to the appellant's trial testimony, when the accident occurred, the Watson vehicle was positioned almost perpendicular to the lane in which he was traveling. Moreover, Ms. Watson informed him after the occurrence that she was attempting to execute a left turn from where she had been parked along the right side of the roadway. Following a trial on the is-

sue of liability, the jury found that the appellant had been negligent, but that his negligence was not a substantial factor in causing the collision. The plaintiff and the defendant Deborah Tatum Watson separately moved pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court granted the motions. Thereafter, by order to show cause, the appellant moved, in effect, for leave to reargue. Upon reargument, the Supreme Court adhered to its original determination.

"A jury's finding that a party was at fault but that [such] fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Butler v New York City Tr. Auth.*, 67 AD3d 620, 621 [2009] [internal quotation marks and citation omitted]). "A contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge, and where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Rivera v MTA Long Is. Bus*, 45 AD3d 557, 558 [2007]).

Here, a finding of proximate cause did not inevitably flow from the finding of culpable conduct, and a fair interpretation of the evidence supports the jury verdict in favor of the appellant. Applying the Supreme Court charge regarding the broad duties and general obligations of a driver, as well as the duty of a driver to maintain a reasonably safe rate of speed, the jury could have reasonably found that the appellant was negligent in failing to see Watson's vehicle prior to the collision, and also in failing to maintain a reasonably safe rate of speed, but that the appellant's negligence was not a proximate cause of the accident, given the position from which Watson attempted to make a left turn and the speed at which her vehicle was traveling (*see Butler v New York City Tr. Auth.*, 67 AD3d 620 [2009]).

Accordingly, upon reargument, the Supreme Court should have vacated the original determination and denied the separate motions of the plaintiff and Watson pursuant to CPLR 4404 (a) to set aside the jury verdict. Mastro, J.P., Miller, Austin and Roman, JJ., concur.