Sikorjak v City of New York (2019 NY Slip Op 00157)





Sikorjak v City of New York


2019 NY Slip Op 00157


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-07561
 (Index No. 100582/12)

[*1]Gabriel Sikorjak, appellant, 
v
City of New York, et al., respondents, et al., defendant.


Fortunato & Fortunato, PLLC, Brooklyn, NY (Louis A. Badolato and Annamarie Fortunato of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York, NY (Carolyn Comparato of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Desmond A. Green, J.), entered May 5, 2017. The judgment, upon a jury verdict in favor of the defendants City of New York, New York City Department of Transportation, and Conti of New York, LLC, and against the plaintiff on the issue of liability, and upon the denial of the plaintiff's motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of those defendants and against the plaintiff, in effect, dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
In May 2011, the plaintiff sustained personal injuries while demolishing a concrete wall at the St. George Staten Island Ferry Terminal for his employer, nonparty NASDI. The plaintiff was burned when his left pants leg caught on fire after sparks were emitted from a gas-powered handheld saw that he was using to cut through a steel reinforcing bar. The defendants City of New York and New York City Department of Transportation (hereinafter together the City defendants) are the owners of the property, the defendant Conti of New York, LLC (hereinafter Conti), was the general contractor for the project, and the defendant HAKS Group, Inc. (hereinafter HAKS), was the resident engineer.
In March 2012, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained as a result of the defendants' common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Following discovery, HAKS timely moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Subsequently, after the expiration of the time to make a motion for summary judgment, the City defendants and Conti jointly moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 25, 2015, the Supreme Court, inter alia, granted that branch of HAKS's motion which was for summary judgment dismissing the complaint insofar as asserted against it, granted those branches of the motion of the City defendants and Conti which were [*2]for summary judgment dismissing the common-law negligence, Labor Law § 200, and Labor Law § 240(1) causes of action insofar as asserted against them, and denied that branch of the motion of the City defendants and Conti which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against them.
At a jury trial on the issue of liability, the plaintiff testified that after his pants leg caught on fire while he was using the saw, he lay down on the ground and covered his leg with clay. One of the plaintiff's coworkers testified that there was a delay in putting out the fire because the testifying coworker was unable to find a fire extinguisher nearby. Another coworker testified that he immediately rendered aid to the plaintiff by instructing him to "stop, drop, and roll" on the ground, and by patting out the fire with gloved hands.
The jury returned a verdict finding that the City defendants and Conti violated Industrial Code (12 NYCRR) § 12-1.8(c)(1)(iii), which requires that "there shall be at least one approved extinguisher for each 2500 square feet of floor area so located that a person shall not have to travel more than 50 feet to reach the nearest extinguisher." However, the jury found that such negligence was not a substantial factor in causing the plaintiff's injuries. Additionally, the jury found that the City defendants and Conti did not violate Industrial Code (12 NYCRR) §§ 23-1.5(c)(3), 23-1.7(h), 23-1.8(c)(4), and 23-10.3. The jury also found that the plaintiff was negligent, and apportioned fault 40% to the plaintiff and 60% to the City defendants and Conti. After the court instructed the jurors to reconsider their verdict, they returned a second verdict, which was identical to the first verdict, except that the jurors did not answer the questions as to the plaintiff's negligence and apportionment of fault.
The Supreme Court denied the plaintiff's motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. On May 5, 2017, a judgment was entered in favor of the City defendants and Conti and against the plaintiff, in effect, dismissing the complaint insofar as asserted against those defendants.
We agree with the Supreme Court's determination to consider the motion of the City defendants and Conti, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. An untimely motion or cross motion for summary judgment may be considered by the court where a timely motion was made on nearly identical grounds (see Sheng Hai Tong v K & K 7619, Inc., 144 AD3d 887, 890; Wernicki v Knipper, 119 AD3d 775, 776; Homeland Ins. Co. of N.Y. v National Grange Mut. Ins. Co., 84 AD3d 737, 738; Grande v Peteroy, 39 AD3d 590, 592). Here, the motion of the City defendants and Conti was made on nearly identical grounds as the timely motion of HAKS (see Derrick v North Star Orthopedics, PLLC, 121 AD3d 741, 743).
The City defendants and Conti established their prima facie entitlement to judgment as a matter of law dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against them by demonstrating that the subject accident was caused by the means and methods of the plaintiff's work, that the plaintiff's work was directed and controlled by his employer, and that they had no authority to exercise supervisory control over his work (see Portalatin v Tully Const. Co.-E.E. Cruz & Co., 155 AD3d 799, 800; Kearney v Dynegy, Inc., 151 AD3d 1037, 1039; Ortega v Puccia, 57 AD3d 54, 62). In opposition, the plaintiff failed to raise a triable issue of fact (see Messina v City of New York, 147 AD3d 748, 750). The plaintiff's argument with regard to an alleged "dangerous premise condition," raised for the first time on appeal, is not properly before this Court (see Opalinski v City of New York, 110 AD3d 694, 696).
The plaintiff contends that the Supreme Court should have granted that branch of his motion which was, in effect, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law on so much of the Labor Law § 241(6) cause of action as was based on the asserted violation of 12 NYCRR § 12-1.8(c)(1)(iii). A motion for judgment as a matter of law may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury based on the evidence presented (see Cohen v Hallmark Cards, 45 NY2d 493, 499; [*3]Schwarz v Valente, 112 AD3d 809, 810; Saber v 69th Tenants Corp., 107 AD3d 873, 875). In considering such a motion, the facts must be considered in a light most favorable to the nonmovant (see Szczerbiak v Pilat, 90 NY2d 553, 556; Hiotidis v Ramuni, 161 AD3d 955; Hand v Field, 15 AD3d 542, 543). Here, based on the evidence adduced at trial, there was a valid line of reasoning by which the jury could find that the lack of a nearby fire extinguisher was not a substantial factor in causing the injuries sustained by the plaintiff (see Frank v Gengler, 151 AD3d 696, 698; Wilson v Philie, 107 AD3d 700, 701; Rubino v Scherrer, 68 AD3d 1090, 1091; Pilch v Board of Educ. of City of N.Y., 27 AD3d 711, 713).
Additionally, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. A jury finding that a party was negligent but that the negligence was not a proximate cause of the plaintiff's injuries is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (see Mancini v Metropolitan Suburban Bus Auth., 150 AD3d 979, 980; Stewart v Marte, 91 AD3d 754, 755). A contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge, and where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Ward v Watson, 72 AD3d 808, 809; Butler v New York City Tr. Auth., 67 AD3d 620, 621; Rivera v MTA Long Is. Bus, 45 AD3d 557, 558). In this case, the issues of negligence and proximate cause were not inextricably interwoven, and the jury's determination that the City defendants and Conti were negligent but that their negligence was not a proximate cause of the plaintiff's injuries was supported by a fair interpretation of the evidence (see Young Mee Oh v Koon, 140 AD3d 861, 862; Moffett-Knox v Anthony's Windows on the Lake, Inc., 126 AD3d 768, 769).
The Supreme Court's instructions to the jurors that they must reconsider their verdict after they initially found that the plaintiff was negligent were proper (see Kelly v Greitzer, 83 AD3d 901, 903; Butler v New York City Tr. Auth., 67 AD3d at 621). As the second verdict was internally consistent, it appears that the jury exercised its right to "substantively alter its original [verdict] so as to conform to its real intention'" (Ryan v Orange County Fair Speedway, 227 AD2d 609, 611, quoting Bernard v Seyopp Corp., 11 AD2d 140, 141, affd 9 NY2d 676; see Palmer v Walters, 29 AD3d 552, 553; Mateo v 83 Post Ave. Assoc., 12 AD3d 205, 206).
The evidentiary rulings of the Supreme Court that are challenged by the plaintiff do not warrant a new trial. It was a provident exercise of discretion for the court to limit the testimony of the plaintiff's expert to issues calling for professional or technical knowledge (see De Long v County of Erie, 60 NY2d 296, 307; Century Sur. Co. v All in One Roofing, LLC, 154 AD3d 803, 808; Kohler v Barker, 147 AD3d 1037, 1038; Galasso v 400 Exec. Blvd., LLC, 101 AD3d 677, 678). The court also providently exercised its discretion in sustaining an objection to improper opinion testimony by a fact witness (see Guzek v B & L Wholesale Supply, Inc., 151 AD3d 1662, 1664; LaPenta v Loca-Bik Ltee Transp., 238 AD2d 913, 914). The remaining evidentiary rulings that are now challenged did not constitute an improvident exercise of discretion (see Mazella v Beals, 27 NY3d 694, 711), did not prejudice a substantial right of the plaintiff (see CPLR 2002), or are not properly before us (see Acosta v City of New York, 153 AD3d 765, 767).
In light of our determination, the contentions of the City defendants and Conti raised on their cross appeal from the intermediate order (see Sikorjak v City of New York, _____ AD3d _____ [Appellate Division Docket No. 2016-00022; decided herewith]) have been rendered academic.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court