■ CHRISTINE FRANK, an Infant, by Her Mother and Natural Guardian, JOANN FRANK, et al., Appellants, v HENRY J. FISHER et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Hyman, J.), entered January 16, 1987, which, upon a jury verdict, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with costs.

The facts in this case established that while the eight-year-old infant plaintiff was playing tag with two other friends on the afternoon of August 8, 1982, she became "it" and ran after the others to touch them. In the process, she ran after one friend who was running across the street. The infant plaintiff was struck by a car operated by the defendant Henry Fisher. The defendant Henry Fisher testified that he was driving at approximately 10 to 15 miles per hour, that the infant plaintiff darted suddenly from between parked cars, and that he did not see the infant plaintiff prior to impact.

Under the circumstances the jury was justified in concluding that although the defendant Henry Fisher was negligent, his negligence was not a proximate cause of the accident. Where a valid question of fact does exist, as it did in this case, a court may not conclude that the verdict, as a matter of law, is not supported by the evidence *(Middleton v Whitridge,* 213 NY 499). For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499). On the basis of the evidence presented at the trial, it cannot be said that the jury's verdict was irrational.

Further, it cannot be said that the jury's verdict was against the weight of the evidence, as it was based on a fair interpretation of that evidence *(see, Nicastro v Park,* 113 AD2d 129). Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.