■ LINDA YAU, Respondent, et al., Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and DELROY DANVERS, Respondent. [781 NYS2d 778]—

In an action to recover damages for personal injuries, etc., the defendants New York City Transit Authority and Marc Backus appeal from a judgment of the Supreme Court, Kings County (Jones, J., on judgment; Bernstein, J., at trial), entered March 4, 2003, which, upon a jury verdict, inter alia, finding the plaintiff Linda Yau 60% at fault and the defendants New York Transit Authority and Marc Backus 40% at fault in the happening of the accident, is in favor of the plaintiff Linda Yau and against them.

Ordered that the judgment is affirmed, with costs.

A jury verdict must be set aside as a matter of law where there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). It is

well settled that "[u]nder certain circumstances, a driver of a motor vehicle may be liable to a pedestrian where that driver undertakes to direct a pedestrian safely across the road in front of his vehicle, and negligently carries out that duty" (*Valdez v Bernard,* 123 AD2d 351 [1986]). The plaintiff Linda Yau testified that the appellant bus driver Marc Backus waved to her, signaling her that it was safe to cross the street, and that she relied on this signal in crossing the street. Contrary to the appellants' contention, the jury could rationally conclude from this evidence that Backus was negligent.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Kinney v Taylor,* 305 AD2d 466 [2003]; *see generally Nicastro v Park,* 113 AD2d 129 [1985]). Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the factfinders, who had the opportunity to see and hear the witnesses (*see Nicastro v Park, supra*). Contrary to the appellants' contention, the jury reasonably could have reached its verdict based on a fair interpretation of the evidence adduced at trial. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.