■ FRANCES RIVERA et al., Appellants, v BOARD OF EDUCATION OF CITY OF YONKERS, Respondent, et al., Defendant. [796 NYS2d 182]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered March 31, 2004, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Board of Education of the City of Yonkers.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Board of Education of the City of Yonkers is denied, and the complaint is reinstated against that defendant.

On October 3, 2001, the infant plaintiff, who was in the first grade and almost six years old, allegedly was injured when he fell from a monkey bar apparatus in a school playground during recess, thereby sustaining injuries. There were two teacher's aides supervising the 25 to 30 first-graders playing on the playground at the time of the accident. The defendant Board of Education of the City of Yonkers (hereinafter the Board), allegedly had a rule at the school that students in prekindergarten to second grade were not allowed to play on the monkey bars. The plaintiffs alleged that the Board was negligent in failing to enforce the rule and supervise the infant plaintiff adequately. The defendants moved for summary judgment dismissing the

complaint on the grounds that the plaintiffs failed to demonstrate that the supervision provided on the day of the accident was inadequate and that the infant plaintiff assumed the risk of playing on the monkey bars. The Supreme Court granted the motion as to the Board, finding that there was no evidence that the alleged accident was a result of negligent supervision. We disagree.

While a school is not an insurer of the safety of its students since it cannot reasonably be expected to continuously supervise and control all of their movements and activities (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Moody v New York City Bd. of Educ.*, 8 AD3d 639 [2004]), it has a duty to "adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York, supra* at 49; *Kandkhorov v Pinkhasov*, 302 AD2d 432, 433 [2003]). Although the Board established its prima facie entitlement to judgment as a matter of law, the plaintiffs raised triable issues of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) as to whether the Board was negligent in failing to adequately supervise the infant plaintiff and enforce its alleged rule prohibiting first-graders from playing on the monkey bars, and whether such failure was the proximate cause of the infant plaintiff's injuries.

Further, contrary to the Board's contention, in light of the infant plaintiff's age and experience, it cannot currently be determined as a matter of law that he was fully aware of and appreciated the risks involved in the activity in which he was engaged (*see Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327, 329 [2004]; *Trainer v Camp Hadar Hatorah*, 297 AD2d 731, 732 [2002]). Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.