■ WON SOK KIM et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [817 NYS2d 306]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flaherty, J.), dated June 28, 2005, as granted that branch of the defendants' mo-

tion pursuant to CPLR 4404 which was to set aside the jury verdict in favor of the plaintiffs on the issue of liability, and directed a new trial unless the plaintiff Won Sok Kim "agrees to accept 20% liability."

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, the motion is denied in its entirety, and the jury verdict is reinstated.

The plaintiff Won Sok Kim (hereinafter the plaintiff) sustained injuries as he was attempting to cross a street in the crosswalk with a pedestrian traffic signal in his favor. The side of the bus of the defendant New York City Transit Authority, operated by the defendant John C. To, which was turning right onto the street the plaintiff was crossing, came in contact with the plaintiff. After the initial contact with the side of the bus, by the front passenger door, the plaintiff fell to the street and his leg was then run over by the passenger side rear wheels of the bus as it continued to the next bus stop. At the conclusion of the bifurcated trial on the issue of liability, the jury determined that the plaintiff and To were both negligent, but only To's negligence was a substantial cause of the accident.

It is well settled that, "the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d 129, 133 [1985]). "A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence" (*Yau v New York City Tr. Auth.*, 10 AD3d 654 [2004], *lv denied* 4 NY3d 701 [2004]; *see McDonagh v Victoria's Secret, Inc.*, 9 AD3d 395, 396 [2004]; *Kinney v Taylor*, 305 AD2d 466 [2003]). "[I]n reviewing the record to ascertain whether the verdict was a fair reflection of the evidence, great deference is accorded to the fact-finding function of the jury, as it is in the foremost position to assess the witnesses' credibility" (*McDonagh v Victoria's Secret, Inc., supra* at 396).

"A jury's finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi*, 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]).

The Supreme Court improperly set aside the jury verdict on the issue of liability, as the jury's finding that both the plaintiff

and To were negligent but that only To's negligence was a substantial cause of the accident was supported by the evidence (*see Nicastro v Park, supra; Soto v New York City Tr. Auth.,* 295 AD2d 419 [2002]; *Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Rubin v Pecoraro, supra*).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.