■ LWIFRAYN ABRE, Appellant, v JASON SHERMAN, Respondent. [830 NYS2d 207]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated May 15, 2006, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence" (*Yau v New York City Tr. Auth.*, 10 AD3d 654, 655 [2004], citing *Nicastro v Park*,

113 AD2d 129 [1985]; *see Won Sok Kim v New York City Tr. Auth.*, 29 AD3d 984, 985 [2006]). "A jury's finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi*, 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]). "Further, '[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Rubin v Pecoraro, supra* at 526, quoting *Koopersmith v General Motors Corp.*, 63 AD2d 1013, 1014 [1978]).

Here, the jury verdict was not against the weight of the evidence. Pursuant to the trial court's charge regarding the broad duties and general obligations of a driver, it was reasonable for the jury to find that the defendant was negligent in the operation of his vehicle. However, it was also reasonable for the jury to find that the defendant's negligence was not a proximate cause of the accident given the speed with which the accident occurred (*see Loder v Greco*, 5 AD3d 978 [2004]; *Serra v Rivieccio*, 4 AD3d 521, 522 [2004]; *Frank v Fisher*, 142 AD2d 665 [1988]; *Rubin v Pecoraro, supra*).

The plaintiff's remaining contention that the Supreme Court improperly allowed into evidence the hearsay statement of the defendant's brother is without merit. The statement was properly admitted into evidence pursuant to the excited utterance exception to the hearsay rule (*see People v Fratello*, 92 NY2d 565, 570 [1998]; *People v Melendez*, 296 AD2d 424, 424-425 [2002]). Krausman, J.P., Florio, Lunn and Covello, JJ., concur.