TIFFANY RODRIGUEZ, Respondent, v ELMONT SCHOOL DISTRICT, Appellant. [829 NYS2d 221]—

In an action to recover damages for personal injuries, the defendant appeals, by permission, from an order of the Supreme Court, Nassau County (Woodard, J.), dated March 10, 2006, which granted the plaintiff's oral motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability in favor of the defendant and against the plaintiff as against the weight of the evidence, and granted a new trial on that issue.

Ordered that the order is affirmed, with costs.

In 1998 the plaintiff, then a nine-year-old fourth grader at a school owned and operated by the defendant, allegedly was injured during recess when she fell off of a cement or concrete cylindrical barrel, approximately three to four feet high, that had been placed on its side to form a tube or tunnel, and was part of the school playground equipment. She commenced this action to recover damages for personal injuries arising from the defendant's alleged negligent supervision. At a trial on the issue of liability, the plaintiff testified that she and her friends were playing on top of the tube for approximately 10 minutes, when she fell off and was injured. The plaintiff denied that any of the playground monitors employed by the defendant had observed her on the tube or told her to get down. Rather, she asserted, the playground monitors were all standing together and talking

at an area approximately 200 to 300 feet away. Indeed, she testified, although she lay on the ground crying, none of the playground monitors noticed that she had fallen for approximately five to ten minutes, and none of them summoned the school nurse until sometime later. The plaintiff denied that she or her friends were told not to play on the tube, or that she ever saw playground monitors admonish other students not to do so.

The defendant presented evidence that recess periods were highly organized and well monitored, and that the five playground monitors on duty on the day in question were not standing together and talking, but rather, were patrolling their assigned areas and would have seen, but did not see, any students standing or playing on the tube. Further, the defendant presented evidence that the students were repeatedly warned not to play on top of the tube, and that, if and when a student was discovered doing so, he or she would be directed to get down and would be given a "time out." The playground monitor assigned to the area which included the tube on the day in question denied seeing the plaintiff playing on or falling from the tube.

In closing, defense counsel argued that the plaintiff's testimony as to the happening of the accident, particularly that concerning the amount of time she was playing on the tube and the time it took to discover her fall and summon help, was not credible in light of the manner in which recesses were organized and monitored, and that there were various other discrepancies in her testimony. Rather, counsel asserted, the evidence revealed, at most, that the fall occurred in a "matter of seconds," not minutes, and that, even if the plaintiff had been observed, there "was not time to even blow a whistle." Thus, counsel argued, the alleged fall could not have been prevented by even the most intense supervision and, therefore, was not proximately caused by a lack of adequate supervision. Counsel noted that there had been no evidence, expert or otherwise, that the tube itself was unsafe.

The plaintiff's counsel argued that the plaintiff's testimony as to the happening of the accident was credible and uncontradicted, and that any discrepancies in the testimony arose from her young age at the time she was first deposed. Crediting her testimony, counsel asserted, it was clear that the playground monitors were not doing their job, that is, they were not adequately monitoring the playground and supervising the plaintiff even though they knew that it was dangerous for children to play on top of the tube. In sum, counsel argued, it was

not possible for the playground monitors to have been "properly supervising and circulating" in the area of the tube and not have seen the plaintiff playing on and falling off of the tube. Rather, counsel asserted, "had [the monitors] done their job correctly [the plaintiff] doesn't stay on that cement [tube], and she doesn't fall off that cement [tube]."

The jury found that the defendant was negligent, but that such negligence was not a proximate cause of the damages alleged. Consequently, the jury did not reach the issue of the comparative negligence, if any, of the plaintiff. The Supreme Court set aside the liability verdict as against the weight of the evidence. We affirm.

A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). A jury's finding that a party was negligent, but that such negligence was not a proximate cause of the damages alleged, is inconsistent and against the weight of the evidence when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (*see Garrett v Manaser*, 8 AD3d 616 [2004]; *Misa v Filancia*, 2 AD3d 810 [2003]). Here, the only theory of liability argued to the jury was that the defendant's negligent failure to have provided adequate supervision of the plaintiff was a proximate cause of her fall, specifically that non-negligent supervision would have alerted the playground monitors that the plaintiff was playing on the tube in time to have permitted corrective measures prior to the fall (*see generally Swan v Town of Brookhaven*, 32 AD3d 1012 [2006]; *Botti v Seaford Harbor Elementary School Dist. 6*, 24 AD3d 486 [2005]; *Rivera v Board of Educ. of City of Yonkers*, 19 AD3d 394 [2005]). Under all the circumstances, it was logically impossible for the jury to have found the defendant negligent without also finding that such negligence was a proximate cause of the damages alleged. Thus, the plaintiff's motion to set aside the verdict was properly granted. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.