■ PAULA RIVERA, Appellant, v MTA LONG ISLAND BUS et al., Respondents, et al., Defendant. [845 NYS2d 394]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered June 12, 2006, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants MTA Long Island Bus, Metropolitan Suburban Bus Authority, and Pantelis D. Kapsalis on the issue of liability as against the weight of the evidence and for a new trial on that issue.

Ordered that the order is affirmed, with costs.

The plaintiff's contention that the jury verdict was inconsistent is not preserved for appellate review, since she did not raise

that issue before the jury was discharged (*see Barry v Manglass*, 55 NY2d 803, 806 [1981]; *Delacruz v Galaxy Elecs.*, 300 AD2d 278 [2002]; *Miller v Long Is. R.R.*, 286 AD2d 713, 714 [2001]). In any event, the verdict was not inconsistent or against the weight of the evidence. A jury verdict should not be set aside as against the weight of the evidence if supported by any fair interpretation of the evidence (*see Yau v New York City Tr. Auth.*, 10 AD3d 654, 655 [2004]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). "A jury's finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi*, 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]). A contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge, and where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Rubin v Pecoraro*, 141 AD2d at 526).

In the instant case, applying the Supreme Court's charge regarding the broad duties and general obligations of a driver, the jury reasonably concluded that the defendant bus driver was negligent in the operation of the bus, but that such negligence was not a proximate cause of the accident (*see Abre v Sherman*, 36 AD3d 725 [2007]; *Serra v Rivieccio*, 4 AD3d 521, 522 [2004]; *Rubin v Pecoraro*, 141 AD2d at 526-527). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.