# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**980**

**CA 11-00507**

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

RONALD DWORZANSKI, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF JUSTIN DWORZANSKI,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NIAGARA-WHEATFIELD CENTRAL SCHOOL DISTRICT,
DEFENDANT-APPELLANT-RESPONDENT.

---

HURWITZ & FINE, P.C., BUFFALO (JODY E. BRIANDI OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

MURA & STORM, PLLC, BUFFALO (ERIC T. BORON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered June 17, 2010 in a personal injury action. The order granted in part defendant's motion for summary judgment and denied plaintiff's cross motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is modified on the law by denying defendant's motion in its entirety and reinstating the third cause of action, for negligent supervision, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of his son, a third-grade student at defendant's elementary school who was injured while walking by playground equipment known as a "slide pole" during a school recess period. The injury allegedly occurred when another student slid down the slide pole and landed on him. At the time of the injury, four third-grade classes, including the class of plaintiff's son, were using the school playground, and the classes were being supervised by the classroom teachers.

In the complaint, plaintiff alleged that defendant was negligent in failing to provide proper instruction to the students in their use of the playground equipment, specifically the fireman's pole, negligent in failing to provide adequate groundcover around the playground generally, negligent in failing to provide adequate supervision of the playground, and negligent in failing to provide a proper surface beneath the fireman's pole. Defendant moved for summary judgment dismissing the complaint, asserting that it was not negligent in its supervision of the students and that, even if it was,

any negligence on its part was not a proximate cause of the accident. Defendant further asserted that any negligence in maintaining the playground surface also was not a proximate cause of the accident. Plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court granted defendant's motion in part, dismissing the third cause of action, for negligent supervision, and the court denied the cross motion. We conclude that the court should have denied defendant's motion in its entirety, and we therefore modify the order accordingly.

Although school districts are not insurers of the safety of their students, they have a duty to provide adequate supervision for them and will be held liable when students sustain foreseeable injuries proximately related to the school district's breach of that duty (*see Mirand v City of New York*, 84 NY2d 44, 49; *Doxtader v Middle Country Cent. School Dist. at Centereach*, 81 AD3d 685, 685-686). "In carrying out that duty, [school districts] are obligated to exercise such care of their students as a parent of ordinary prudence would observe in comparable circumstances" (*Milbrand v Kenmore-Town of Tonawanda Union Free School Dist.*, 49 AD3d 1341, 1342; *see David v County of Suffolk*, 1 NY3d 525). Further, school districts " 'cannot reasonably be expected to continuously supervise and control all movements and activities of students' " (*Walker v City of New York*, 82 AD3d 966, 967, quoting *Mirand*, 84 NY2d at 49). Indeed, " '[w]here an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not [a] proximate cause of the injury' " (*Swan v Town of Brookhaven*, 32 AD3d 1012, 1013-1014).

Here, defendant met its initial burden by establishing that its supervision of the playground was adequate and that plaintiff's son was engaged in "normal play" at the time of the accident (*Walker*, 82 AD3d at 967; *see Troiani v White Plains City School Dist.*, 64 AD3d 701). In opposition, however, plaintiff raised an issue of fact whether his son was injured as a result of a game of "tag," a game that was in violation of playground rules and that nevertheless was frequently played by the students during recess despite defendant's notice thereof (*see Vonungern v Morris Cent. School*, 240 AD2d 926, 927). Persistent rule breaking may serve as a basis for liability, particularly where school personnel fail to address the students' rule-breaking behavior and that failure foreseeably leads to injury (*see generally Oliverio v Lawrence Pub. Schools*, 23 AD3d 633, 635; *Rivera v Board of Educ. of City of Yonkers*, 19 AD3d 394). Thus, contrary to plaintiff's contention on his cross appeal, the court also properly denied his cross motion for partial summary judgment on liability inasmuch as he raised an issue of fact with respect thereto.

We reject defendant's contention that the court erred in denying those parts of its motion with respect to the first and fifth causes of action inasmuch as they essentially allege negligent supervision based upon the failure to instruct students in the proper use of the playground equipment. A school district has a duty to provide adequate instructions to the students in its care and will be held

liable for foreseeable injuries proximately caused by its negligence (*see Oakes v Massena Cent. School Dist.*, 19 AD3d 981, 981-982; *Darrow v West Genesee Cent. School Dist.*, 41 AD2d 897; PJI 2:227).  While defendant established that it provided students with some instruction concerning the use of the playground equipment, we cannot say on this record that defendant's instructions were reasonable as a matter of law (*see generally Ugarriza v Schmieder*, 46 NY2d 471, 475-476; *Merkley v Palmyra-Macedon Cent. School Dist.*, 130 AD2d 937, 938).  Finally, although defendant contends that the condition and depth of the playground groundcover was not a proximate cause of the accident and thus that the court also erred in denying its motion with respect to those causes of action concerning the groundcover, the parties have submitted conflicting expert evidence on that issue, thus precluding summary judgment (*see Smith v Kinsey*, 50 AD3d 1456, 1458).

All concur except SMITH, J.P., who dissents in part and votes to affirm in the following Memorandum:  Although I agree with the majority that defendant school district "met its initial burden by establishing that its supervision of the playground was adequate and that plaintiff's son was engaged in 'normal play' at the time of the accident," I respectfully disagree with the majority's further conclusion that plaintiff raised a triable issue of fact in opposition.  Consequently, I dissent in part and would affirm the order, inasmuch as I conclude that Supreme Court properly granted that part of defendant's motion for summary judgment dismissing the third cause of action, for negligent supervision, but I otherwise agree with the remainder of the majority's decision.

In supervising students, schools are "obligated to exercise such care of their students 'as a parent of ordinary prudence would observe in comparable circumstances' " (*David v County of Suffolk*, 1 NY3d 525, 526).  "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*Mirand v City of New York*, 84 NY2d 44, 49).  Thus, " '[w]here an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not [a] proximate cause of the injury' " (*Swan v Town of Brookhaven*, 32 AD3d 1012, 1013-1014).

Here, a fellow student suddenly slid down a pole and struck plaintiff's son within five minutes of the beginning of the recess period.  Two teachers were present on the playground, one of whom was within 10 to 15 feet of plaintiff's son when the accident occurred.  Consequently, I conclude that the other student's action was a sudden and unforeseen event that no amount of supervision could have prevented (*cf. Oliverio v Lawrence Pub. Schools*, 23 AD3d 633, 635).  "In order to find that a school has breached its duty to provide adequate supervision in the context of injuries caused by the acts of fellow students, the plaintiff must show that the school 'had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated' " (*Convey v City of Rye School*

*Dist.*, 271 AD2d 154, 159, quoting *Mirand*, 84 NY2d at 49).  Defendant established that it had no knowledge of any prior dangerous behavior on the part of the other student, and thus I agree with the majority's conclusion that defendant met its initial burden on the motion.

I cannot agree with the majority, however, that plaintiff raised a triable issue of fact by presenting evidence that the other student was playing tag on the playground, which was against defendant's rules.  Although a child's violation of a school rule that prohibits certain conduct may raise a triable issue of fact with respect to negligent supervision (*see generally Rivera v Board of Educ. of City of Yonkers*, 19 AD3d 394), in the case before us there is no evidence that the injury sustained by plaintiff's son was the result of a violation of the rule against playing tag (*cf. Hochreiter v Diocese of Buffalo*, 309 AD2d 1216, 1217-1218).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court