■ JONATHAN LaMACCHIA, an Infant, by His Father and Natural Guardian, EDWARD LaMACCHIA, et al., Appellants, v CITY OF NEW ROCHELLE, Defendant, and NEW ROCHELLE CITY SCHOOL DISTRICT, Respondent. [1 NYS3d 828]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Walker, J.), entered September 17, 2012, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant New Rochelle City School District and against them on the issue of liability and for judgment as a matter of law or, in the alternative, as contrary to the weight of the evidence and for a new trial, and (2) a judgment of the same court entered October 24, 2012, which, upon the jury verdict and upon the order, is in favor of the defendant New Rochelle City School District and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to defendant New Rochelle City School District.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs contend that the jury verdict finding that the defendant New Rochelle City School District (hereinafter the School District) negligently supervised certain students who assaulted the plaintiff Jonathan LaMacchia, but that such negligence was not a proximate cause of his injuries, is inconsistent and contrary to the weight of the evidence. Since the plaintiffs did not raise the issue of the claimed inconsistent jury verdict before the jury was discharged, that issue is not preserved for appellate review (*see Rivera v MTA Long Is. Bus*, 45 AD3d 557, 557-558 [2007]; *Delacruz v Galaxy Elecs.*, 300 AD2d 278 [2002]). Contrary to the plaintiffs' further contention, the jury verdict was not against the weight of the evidence. The jury's finding that, while the School District negligently supervised these students, such negligence was not a proximate cause of LaMacchia's injuries, was based on a fair interpretation of the evidence (*see Mata v Huntington Union Free School Dist.*, 57 AD3d 738 [2008]; *see generally Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]). Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.