Coleman v MCIZ Corp. (2019 NY Slip Op 04352)





Coleman v MCIZ Corp.


2019 NY Slip Op 04352


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2016-11017
2017-07564
 (Index No. 502463/13)

[*1]Robertus Coleman, appellant,
v
MCIZ Corp., et al., respondents.


Richard J. Katz LLP (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
White Fleischner & Fino, LLP, New York, NY (Nancy Davis Lewis and Daniel M. Stewart of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated September 23, 2016, and (2) an order of the same court dated June 16, 2017. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against the plaintiff, in effect, dismissing the amended complaint. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the judgment and the order are affirmed, with one bill of costs.
The plaintiff allegedly was injured when a bus on which she was a passenger suddenly stopped, causing her to lose her balance and fall. The bus was owned by the defendants MCIZ Corp., MCIZ Corp., doing business as Go Buses NY, Go Bus, LLC, and Go Bus America, Inc. (hereinafter collectively MCIZ Corp.), and operated by the defendant Chirrad Williams, an employee of MCIZ Corp. Thereafter, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in the accident. At trial, conflicting testimony was presented concerning, among other things, the speed of the bus just prior to the accident, and whether the lane in which the bus was traveling immediately prior to the accident was open to vehicular traffic. Additionally, there was testimony that the bus came to a sudden stop because it was cut off by a taxi cab that abruptly changed lanes. Following the trial, the jury determined that Williams was negligent, but that his negligence was not a substantial factor in causing the accident.
On September 23, 2016, a judgment was entered, upon the jury verdict, in favor of the defendants and against the plaintiff, in effect, dismissing the amended complaint. Thereafter, the plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. In an order dated June 16, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from the judgment and the order.
A motion for judgment as a matter of law may be granted only when the trial court determines "that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499; see Schwarz v Valente, 112 AD3d 809, 810). A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Sela v Katz, 165 AD3d 1191, 1192; Wallace v City of New York, 108 AD3d 760, 761). Here, there was a valid line of reasoning by which the jury could rationally conclude that Williams was negligent in his operation of the bus, but that his negligence was not a substantial factor in causing the accident. Moreover, the verdict in favor of the defendants was based on a fair interpretation of the evidence and, therefore, was not contrary to the weight of the evidence (see Rivera v MTA Long Is. Bus, 45 AD3d 557, 558; Abre v Sherman, 36 AD3d 725, 726).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court